# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| PAULA ZELESNIK, | ) | CASE NO. 1:18-cv-2127 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| UNIVERSITY OF DAYTON, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Paula Zelesnik has filed an *in forma pauperis* civil complaint in this action against multiple defendants (Doc. No. 1.) Her one-page, hand-written complaint is incomprehensible. It does not set forth factual allegations, or discernible legal claims as required by Fed. R. Civ. P. 8(a). Rather, it consists only of a list of purely conclusory accusations, including: "rape and attempted murder," "forced perjury to court under oath per death threats," "falsification of all documents," "rape," and "forced perjury for Obamacare per Rob Portman and Sherrod Brown." (*Id.*)

Although *pro se* pleadings generally are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or construct legal claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Moreover, federal courts, as courts of limited jurisdiction, have a duty to police the boundaries of their jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). "A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally

implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds that plaintiff's complaint must be dismissed in accordance with *Apple v. Glenn*. The complaint is so incoherent, implausible, devoid of merit, and frivolous that it does not provide a basis to establish this Court's subject-matter jurisdiction, much less the basis for any plausible claim for relief.

Further, the Court notes that plaintiff has filed several *in forma pauperis* lawsuits in this district that have been dismissed for failure to state plausible claims. *See Zelesnik v. General Motors, et al.*, Case No. 1: 18 CV 2165 (Gwin, J.); *Zelesnik et al. v. Magnificat HS, et al.*, Case No. 1: 18 CV 2188 (Boyko, J.); and *Zelesnik v. Laverty, et al.*, Case No. 1: 18 CV 2360 (Polster, J.). Although this district has been very tolerant of plaintiff's *pro se* filings, federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out their judicial functions. *Procup v. Stickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). As the Supreme Court has recognized: "Every paper filed with the Clerk of . . . Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice," including by restricting a litigant's ability to proceed *in forma pauperis*. *In re McDonald*, 489 U.S. 180, 184, 109 S. Ct. 993, 103 L. Ed. 2d (1989).

### Conclusion

For the reasons stated above, plaintiff's complaint is dismissed for lack of subject-matter jurisdiction in accordance with the Court's authority established in *Apple v. Glenn, supra*; her motion to proceed *in forma pauperis* (Doc. No. 2) is denied as moot; and plaintiff is hereby

cautioned that she may be restricted from filing future *in forma pauperis* lawsuits if she continues

to file complaints in this district that are patently without merit and unnecessarily encroach upon

the judicial machinery needed by others. The Court further certifies, pursuant to 28 U.S.C.

§ 1915(a)(3), that an appeal from this decision could not be taken in good faith.


**IT IS SO ORDERED**.


Dated: November 21, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**